PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| United States District Court | District RHODE ISLAND |
| Name (under which you were convicted): RUSSELL S. ALESSIO # 65214 | Docket or Case No.: CA 08 188 |
| Place of Confinement: R.I. Adult Correctional Intertution, Cranston R.I. 02920 | Prisoner No.: #65214 |
| Petitioner (include the name under which you were convicted) RUSSELL S. ALESSIO | v. Respondent (authorized person having custody of petitioner) A.T.WALL II, Director, A.C.I. |
| The Attorney General of the State of RHODE ISLAND | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Washington County Superior Court 4800 Tower Hill Road, Wakefeild R.I.

   (b) Criminal docket or case number (if you know): W1-97-0250A

2. (a) Date of the judgment of conviction (if you know): May 18-1998

   (b) Date of sentencing: July 24, 1998

3. Length of sentence: Twenty years, Fifteen years to serve and Five years suspended.

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: 1) Simple Assault, 2) Second Degree Child Molestation.

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: RHODE ISLAND SUPREME COURT.

(b) Docket or case number (if you know): 98-532-C.A.

(c) Result: DENIED.

(d) Date of result (if you know): 12-11-2000

(e) Citation to the case (if you know): STATE V ALLESSIO 762 A2d 1190 (R.I.2000).

(f) Grounds raised: 1) The Prosecutor's late disclosure of Defendant's out- of- state criminal record was prejudice, 2) Verdict is inconsistent.

(g) Did you seek further review by a higher state court? Yes ☐ No ☒

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: ______________________

(3) Date of result (if you know): ______________________

(4) Citation to the case (if you know): ______________________

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Washington County Superior Court.

(2) Docket or case number (if you know): ______________________

(3) Date of filing (if you know): ______________________

(4) Nature of the proceeding: Sentence Reduction.

(5) Grounds raised: Sentence was dispared based on sentencing Guide Lines.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☒ No ☐

(7) Result: Denied

(8) Date of result (if you know): 12/06/2001

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Washington County Superior Court.

(2) Docket or case number (if you know): WM 02-615

(3) Date of filing (if you know): 11/20/2002

(4) Nature of the proceeding: Post Conviction Relief.

(5) Grounds raised: 1) Ineffective Assistance of Counsel, Denied the Medical Evidence that states my INNOCENTS! 2) Denied me my wittnesses! 3) My sentence is Cruel and Unusual Punishment! By Rhode Island Bench Marks! "McKinney v State, 843 A2d 463 (R.I. 04).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☒ No ☐

(7) Result: Denied

(8) Date of result (if you know): 3-2-2007

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☒ No ☐

(2) Second petition: Yes ☒ No ☐

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
I filed motions for a year prior to my trial for a new Attorney. because he (Rick Brousseau) was not calling my witnesses! I was Denied all my four of my motions so I filed a motion for Pro,Se. I was Denied that motion, Instead I was giving a court appionted Attorney, (MARK SMITH). I told him what I been through and told him I want these witnesses! He said OK, The day befor the trial he told me the states not going to use any statements -turnover-

(b) If you did not exhaust your state remedies on Ground One, explain why: YES

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: RAISED ON POST CONVICTION APPEAL.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST CONVICTION

Name and location of the court where the motion or petition was filed: WASHINGTON COUNTY SUPERIOR COURT, WAKEFEILD, RHODE ISLAND.

AND I did NOT EVEN APEAR IN COURT FOR this ONE.

STATE OF RHODE ISLAND
WASHINGTON, CO , SC

SUPERIOR COURT

STATE OF RHODE ISLAND

VS.

Russell S. Alessio

CA#- W1/97-0250A

MOTION TO RELEASE COUNSEL

NOW COMES, the defendant in the above entitled matter and respectfully requests this Honorable Court to release his counsel of record. He states that there exists certain conflicts and/or problems which will serve to deprive him of meaningful representation as guaranteed by the Sixth Amendment to the United States Constitution, and therefore he is entitled to alternate counsel.

Respectfully Submitted:

Russell S. Alessio
P.O. Box
Cranston, R.I. 02920

SUPERIOR COURT
FILED
97 DEC 15 PM 2:24

Denied
Williams, J

CERTIFICATION OF SERVICE

I the undersigned do hereby state that I have caused a true copy of the above motion to be mailed, postage paid, to the Office of the Attorney General, 72 Pine Street, Providence, R.I. 02903, on the 11 day of 12 1997.

NOTICE OF HEARING

Please take notice that the above motion will be called for a hearing on the 18 day of 12 1997, in the Washington County Superior Court at 9:30am.

A COPY OF THIS MOTION HAS BEEN MAILED TO THE PRESENT ATTORNEY OF RECORD, AND HE/SHE HAS BEEN NOTIFIED OF THE DATE OF HEARING.

Docket or case number (if you know): WM- 02-615

Date of the court's decision: 3-2-2007

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: R.I. Supreme Court 250 Benift st. Providence R.I.

Docket or case number (if you know): 2005-269

Date of the court's decision: 6-14-2007

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

GROUND TWO: **Cruel And Unusual Punishment**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Under R.I. Sentencing Guid Lines, 2nd Degree Child Molestation, No Relation to Victim (ALLEGED VICTIM) under clothing Sentence 3-8 years. Now the State offered me befor trial, For all counts 3years to serve and 5years Suspendedand Probation! So techinically That is(CRUEL AND UNUSUAL PUNISHMENT) Also it is a Judicial Vindictive Sentencing by the Judge! I have no Documents to prove

turn over-to other side→

the fact, The only proof of actual vindictiveness is (When a greater penalty is imposed after trial. When the State offered a 8year Sentence 3years at the A.C.I. and 5years suspended and probation! That offer was for **(THREE COUNTS OF FIRST DEGREE CHILDMOLESTATION; ONE COUNT OF SECOND DEGREE CHILDMOLESTATION; ONE COUNT OF ASSAULT WITH A DANGEROUS WEAPON; AND ONE COUNT OF SIMPLE ASSAULT.)**

B) Close relationship to victim - natural/stepparent or family member no injury - one count
15-20 years

C) Close relationship to victim - natural/stepparent or family member multiple counts or moderate injury, mental or physical
20-30 years

D) Victim is mentally or physically disabled
20-30 years

E) Multiple counts or physical injury or aggravating circumstances regardless of relationship to victim
25 years to Life

36) **2nd Degree Child Molestation** **[R.I.G.L. 11-37-8.4: Statute indicates 6 to 30 years.]**

A) No relationship to victim - over clothing - one count
Less than jail to 3 years

B) No relationship to victim - under clothing **or** more than one count
3-8 years

C) Close relationship to victim - natural/stepparent or family member over clothing - one count
3-8 years

D) Close relationship to victim - natural/stepparent or family member under clothing - one count
7-12 years



D

(b) If you did not exhaust your state remedies on Ground Two, explain why: YES

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: RAISED ON POST CONVICTION APPEAL.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST CONVICTION

Name and location of the court where the motion or petition was filed: WASHINGTON COUNTY SUPERIOR COURT, WAKEFEILD R.I.

Docket or case number (if you know): WM-02-615

Date of the court's decision: 3-2-2007

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☒ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: RHODE ISLAND SUPREME COURT, 250 Benifit st. Providence, R.I.

Docket or case number (if you know): 2005-269

Date of the court's decision: 6-14-2007

Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

GROUND THREE: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

GROUND FOUR: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______________________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______________________

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______________________

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ____________

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Rick Brousseau, Public Defender, at Washington county court house.

(b) At arraignment and plea: Rick Brousseau.

(c) At trial: Mark Smith?

(d) At sentencing: Mark Smith Address?

(e) On appeal: Appealent Division, ?

(f) In any post-conviction proceeding: Anthony F. Amalfetano, 33 College Hill Road Suit 15-G, Warwick R.I.

(g) On appeal from any ruling against you in a post-conviction proceeding: Mark B. Laroche 10 Dorrance st. Providence R.I.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* Due to the avenue provided by the R.I. State judicial system in criminal convitctions not all issues from a criminal complaint are allowed upon a direct appeal, thus the criminal defendant must proceed to apost conviction releif application only after the direct decision appeal has been rendered to adjudicate all subsequent issues not considered constitutional under R.I. law such as ineffective assistance of counsel, Petitioner is now timely filing this petition as final decision was render on date 6-14-2008, on Post Conviction Relief Appeal.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: Motion to overturn Conviction and Motion for New Trial..

or any other relief to which petitioner may be entitled.

_______________, Pro-Se
Signature of Attorney (if any)

Russell S. Alessio #65214
P.O. Box 8274
Cranston R.I. 02920

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 5-14-2008 (month, date, year).

Executed (signed) on 5-13-2008 (date).

_______________, Pro-Se
Signature of Petitioner
Russell S. Alessio #65214

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______________________________

______________________________

______________________________

IN FORMA PAUPERIS DECLARATION

**Federal District Court of R.I.**

[Insert appropriate court]

* * * * *

**Filing Fee Will Be Forward $5.00**