**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RUSSELL S. ALESSIO** | : | |
| | : | |
| **v.** | : | **C.A. No. 08-188ML** |
| | : | |
| **A.T. WALL** | : | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons identified in its accompanying memorandum of law, designated party/respondent State of Rhode Island moves to dismiss Petitioner Russell S. Alessio's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: June 17, 2008

**CERTIFICATION**

I hereby certify that on June 17, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of the within motion to be sent to the following by first-class mail on June 17, 2008:

Russell S. Alessio
P.O. Box 8274
Cranston, R.I. 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RUSSELL S. ALESSIO** | : | |
| | : | |
| **v.** | : | **C.A. No. 08-188ML** |
| | : | |
| **A.T. WALL** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Now comes the State of Rhode Island, by and through its attorneys, and moves to dismiss Petitioner Russell S. Alessio's Petition Under 28 USC § 2254 For A Writ Of Habeas Corpus By A Person In State Custody ("Petition") for two reasons. First, Alessio failed to timely file the instant Petition before the expiration of the one-year limitations period contained in 28 U.S.C. § 2244(d)(1). Second, even if the one-year statute of limitations had not expired, the Rhode Island Supreme Court's decision denying the ineffective assistance and cruel and unusual punishment claims that he now advances was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

## II. BACKGROUND

A Washington County grand jury indicted Alessio on three counts of first degree child molestation (counts 1-3), one count of second degree child molestation (count 4), one count of assault with a dangerous weapon ("ADW") (count 5), and one count of simple assault (count 6) in August 1997. See State v. Allessio, 762 A.2d 1190, 1191 (R.I. 2000) ("Allessio I").[1] On May 14, 1998, following the close of the State's case on the second day of a four-day trial, the Rhode

[1] The Rhode Island Supreme Court spelled the Petitioner's name "Allessio" in this case. The Supreme Court used the spelling contained in the instant Petition, "Alessio," in its June 2007 opinion.

Island Superior Court (Williams, J.) granted Alessio's motion for judgment of acquittal on one of the first degree child molestation charges (count 1) and the ADW charge (count 5). See id. On May 18, 1998, a jury convicted the Defendant of second degree child molestation (count 4) and simple assault (count 6), but acquitted him of the two remaining first degree child molestation counts (counts 2 and 3).[2] See id. The Superior Court thereafter sentenced Alessio to twenty years at the Adult Correctional Institutions ("A.C.I."), fifteen years to serve, five years suspended with probation for second degree child molestation, and one year to serve (concurrently) for assault. See id. at 1190-91; see also Alessio v. State, 924 A.2d 751, 752 (R.I. 2007) ("Alessio II"). The Rhode Island Supreme Court denied Alessio's appeal of his conviction on December 11, 2000. See Allessio I, 762 A.2d at 1190.

Alessio filed an application for post conviction relief ("PCR Application") in the Rhode Island Superior Court on November 20, 2002, in which he argued two grounds for relief. See Alessio II, 924 A.2d at 752. First, Alessio asserted that the attorney who represented him at trial was ineffective because (1) he refused Alessio's request to seek out and interview potential defense witnesses who could be used to impeach the credibility of the complaining minor victim's mother at trial; and (2) he failed to impeach the molestation victim's testimony by introducing medical evidence that her hymen was intact. See id. at 753-55.

Second, Alessio argued that the sentence that the Superior Court imposed was so harsh as to constitute cruel and unusual punishment in violation of both the federal and state constitutions. See id. at 753, 755-56. In support of this claim, Alessio argued both that the court applied the

[2] The jury specifically convicted Alessio of molesting his girlfriend's seven year-old daughter, with whom Alessio was living, and assaulting that victim's fifteen year-old cousin, who frequently stayed with Alessio, his girlfriend and her daughter. See Allessio I, 762 A.2d at 1191-92.

wrong Sentencing Benchmark in fashioning a sentence and, in any event, improperly exceeded the Benchmark that it did apply.

The Superior Court held a one-day evidentiary hearing on July 15, 2005, at which both Alessio and the attorney who represented him at trial testified.[3] The Superior Court issued a written decision denying the application on August 17, 2005. The Rhode Island Supreme Court denied Alessio's appeal of this decision on June 14, 2007. See Alessio II, 924 A.2d 751.

Alessio filed the instant Petition on May 14, 2008.

## III. ARGUMENT

### A. Alessio's Petition For Writ Of Habeas Corpus Is Time-Barred Pursuant to 28 U.S.C. § 2244.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). For purposes of this case, the limitations period would appear to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Rhode Island Supreme Court denied Alessio's direct appeal on December 11, 2000, see Allessio I, 762 A.2d 1190, and Alessio did not petition the Rhode Island Supreme Court for reargument or petition the United States Supreme Court for the issuance of a *writ of certiorari*,[4]

[3] Alessio was, at all relevant times, represented by counsel, including Mark Smith, whom the Superior Court appointed to represent the Defendant approximately two months before trial, and following the dismissal of the public defender who had represented the Defendant up until that point. See, e.g., Petition at 6.

[4] The State would submit that the fact that Alessio did not petition the Rhode Island Supreme Court for reargument means that the time within which to file a petition for a *writ of certiorari* runs from the date of entry of the judgment or order to be reviewed. Contra Kholi v. Wall, 2008 WL 60194 (D.R.I. January 3, 2008). Under Rule 13 of the Rules of the Supreme Court of the United States, in the event that a petition for rehearing is filed, the time to file a petition for a

See Exhibit 1 (Rhode Island Supreme Court Docket Sheet for Case No. SU-98-0532); Petition at 3. As such, Alessio's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on *March 12, 2001*, when the time within which Alessio could have petitioned the United States Supreme Court for the issuance of *writ of certiorari* expired.[5] See Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (noting that conviction became final when the ninety-day period for seeking certiorari expired).

According to the certification contained in the Petition, Alessio placed the instant petition in the prison mailing system on May 14, 2008. See Petition at 15. Thus, *2,621 days* elapsed between the date on which Alessio's state court conviction became final and the date on which he filed this Petition.

Congress provided for the tolling of the one-year limitations period during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Neverson v. Bissonnette, 261 F.3d 120, 124 (1st Cir. 2001). The dispositive issue in this case, then, is how long the one-year statute of limitations was tolled between March 12, 2001, and May 14, 2008.

The State does not dispute that the statute of limitations was tolled between November 20, 2002, the date on which Alessio filed a PCR Application, see Alessio II, 924 A.2d at 752; Petition at 4, and June 14, 2007, the date on which the Rhode Island Supreme Court issued its

---

*writ of certiorari* runs from the date of the denial of the petition or, if rehearing is granted, the subsequent entry of judgment.

[5] The March 12, 2001, date is actually the ninety-first day following the Rhode Island Supreme Court's issuance of its decision denying Alessio's direct appeal. However, since the ninetieth day was a Sunday, it is seemingly not counted for purposes of calculating the deadline for filing a petition for *writ of certiorari* pursuant to Rule 30 of the Rules of the Supreme Court of the United States.

decision denying Alessio's appeal of the denial of said application, see id. at 751.[6] As such, *1,668 days* of the time that elapsed between the date on which Alessio's conviction became final and the date on which he filed the instant Petition were without question tolled.

The only other event that could potentially have tolled the one-year statute of limitations in this case is a motion to reduce sentence that Alessio filed in the Rhode Island Superior Court on April 17, 2001, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, which the Superior Court denied on December 6, 2001. See Exhibit 2 at 13. While Alessio appealed the denial of this motion on December 28, 2001, see Exhibit 2 at 13, and the Superior Court transmitted the lower court record to the Supreme Court on January 22, 2002, see Exhibit 2 at 13, on information and belief, the Supreme Court never docketed the case, and it does not appear that Alessio did anything to further prosecute the appeal. Thus, assuming *arguendo* that the motion to reduce sentence tolled the one-year statute of limitations,[7] the State would submit that the limitations period would only have been tolled between April 17, 2001, the date on which Alessio filed the motion, and January 22, 2002, the last date on which any action was taken in that case. At best, then, only *281* days of the limitations period would have been tolled during the pendency of Alessio's motion to reduce sentence.

[6] In David v. Hall, 318 F.3d 343 (1st Cir. 2003), the First Circuit held that nothing in language of AEDPA warrants excluding from the one-year limitations period "an additional period during which the petitioner could have, *but did not*, seek certiorari in the Supreme Court from the denial of collateral remedies." Id. at 345.

[7] The State does not concede that, as a legal matter, the motion to reduce sentence that Alessio filed in this case actually tolled the one-year statute of limitations. In a Report and Recommendation issued in Kholi v. Wall, which this Court (Smith, J.) adopted on January 3, 2008, see Kholi v. Wall, 2008 WL 60194 (D.R.I. January 3, 2008), Magistrate Almond observed that a motion to reduce sentence does not toll the statute of limitations if it does not amount to a collateral attack on the sentence, but rather constitutes nothing more than a plea for leniency. The motion that Alessio filed here arguably consisted of a plea for leniency. This Court need not decide this issue, however, since Alessio's motion is untimely even if the motion to reduce sentence were considered a collateral attack on his sentence.

In sum, of the 2,621 days that elapsed between the date on which Alessio's state court judgment became final (March 12, 2001) and the date on which he filed the instant Petition (May 14, 2008), the one-year statute of limitations would only have been tolled for 1,949 days (1,668 days for PCR Application and 281 days for motion to reduce sentence) at best, meaning that Alessio filed the instant Petition 672 days after his conviction became final in state court, or 307 days after the one-year statute of limitations in the AEDPA expired.[8] For this reason, this Court should dismiss the instant Petition as untimely.

**B. This Court Should, In The Alternative, Deny Alessio's Petition On Its Merits.**

To the extent that this Court were to reach the merits of the remaining claims in the Petition, the Court should deny and dismiss the Petition on its merits.

In Ground 1 of the Petition, Alessio alleges that his trial counsel was ineffective because he failed to interview and/or call certain individuals as witnesses at trial and failed to introduce medical evidence. See Petition at 6. Alessio appears to be making the same argument here that he did in his application for post conviction relief, the crux of which is that his attorney was ineffective because he failed to investigate or call as witnesses individuals who Alessio believed could impeach the mother of the sexual assault victim and by failing to introduce medical records of the victim establishing that the victim had not been sexually penetrated.[9] See Alessio II, 924 A.2d at 753-55.

---

[8] Even if one tolled the amount of time that elapsed between the date on which Alessio filed the motion to reduce sentence (April 17, 2001) and the date on which the Rhode Island Supreme Court denied Alessio's appeal of the denial of his PCR application (June 14, 2007), the statute of limitations would only have been tolled for 2250 days, meaning that Alessio seemingly filed the instant Petition 371 days after his state court judgment became final and after the one-year statute of limitations contained in the AEDPA had expired.

[9] At page 6 of the Rule 12A Statement that Alessio filed in support of his PCR appeal, a copy of which is included in the State's Rule 5 Appendix, he specifically argued that defense counsel was ineffective because he refused Alessio's request "to seek out and interview potential defense

In Ground 2 of the Petition, Alessio alleges that the sentence that the Superior Court imposed in this case constitutes "cruel and unusual punishment," presumably in violation of the prohibition against excessive punishment contained in the Eighth Amendment to the United States Constitution. See Petition at 7. Alessio once again appears to be making the same argument here that he did in his application for post conviction relief, the crux of which was that his 15 year sentence was unconstitutional because the Superior Court applied the wrong Sentencing Benchmark in imposing sentence and, in any event, improperly exceeded the Benchmark that it did apply.[10]

Title 28, section 2254 of the United States Code governs this Court's consideration of habeas corpus petitions. Section 2254(d) states that:

---

witnesses who could be use (sic) to impeach the credibility of the complaining minor witness's mother at this trial." Alessio claimed that these witnesses would have established "a substantial bias vendetta that mother had against [Defendant] because she was mad at the [Defendant] for cheating on her during the course of their relationship." Id. Alessio further asserted that defense counsel was ineffective because he failed to impeach the molestation victim's testimony by introducing medical evidence that her hymen was intact. Id. at 10.

[10] There are two Sentencing Benchmarks relating to cases involving a single charge of second degree child molestation involving physical contact under clothing: Benchmark 36B (3 to 8 years) or Benchmark 36D (7 to 12 years). The former benchmark applies when there is "no relationship to victim;" the latter when there is a "close relationship to victim—natural/stepparent or family member." Alessio argued that the Superior Court should have referenced Benchmark 36B because, although he had a romantic relationship with the victim's mother and cohabitated with both the victim and the mother, he was not a natural/stepparent or family member of the victim. The Superior Court concluded, the State would submit correctly, that the fact that the Defendant may not have had a legally recognized relationship with the victim or her mother does not mean that he did not at least have the equivalent of one, and certainly does not mean that he had *no* relationship with them:

> I don't see it. I don't see where relationships are bound immortally and etched in stone where they have to be natural or blood relationships. You lived in this house, you matriculate with this family. If that isn't a relationship, I don't know what is.

See Prebrief of Appellee State of Rhode Island at 10 (quoting Trial Tr. IV at 40). A copy of the this prebrief is included in the State's Rule 5 Appendix.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id.

The terms "contrary to" and "unreasonable application" in § 2254 have independent meaning. See Bell v. Cone, 535 U.S. 685, 694 (2002). The "contrary to" clause applies only when a state court either employs a test or rule of law that is inconsistent with one announced by the United States Supreme Court or reaches the opposite conclusion on materially indistinguishable facts. See id.; Williams v. Taylor, 529 U.S. 362, 404-10 (2000); Rashad v. Walsh, 300 F.3d 27, 34-35 (1st Cir. 2002). An "unreasonable application" of federal law exists when a state court (1) uses the correct legal standard in an objectively unreasonable manner, (2) unreasonably extends Supreme Court precedent to an inappropriate context, or (3) fails to extend such Supreme Court precedent to an appropriate context. See Bell, 535 U.S. at 694; Rashad, 300 F.3d at 34-35. This standard "does not demand infallibility: a state court's decision may be objectively reasonable even if a federal habeas court, exercising its independent judgment, would have reached a different conclusion." Rashad, 300 F.3d at 34-35.

Moreover, an unreasonable application of Supreme Court precedent is not the same as an erroneous application; "the mere fact that there was some error or that the state decision was incorrect is not enough." McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002). The "unreasonableness" of the ruling must be incrementally "great enough to make the decision

unreasonable in the independent and objective judgment of the federal court. If it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." McCambridge, 303 F.3d at 36-37.

Finally, "the state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary." Rashad, 300 F.3d at 35-36 (quoting Ouber v. Guarino, 293 F.3d 19, 27 (1st Cir. 2002)). Unless a petitioner carries this burden, a federal habeas court is obliged to credit the factual findings of state courts on the trial and appellate levels. Id. This includes those reasonable inferences drawn by the state courts from the evidence presented at trial as well as the trial record. Id. at 39 n.8.

The Rhode Island Supreme Court decision rejecting Alessio's ineffective assistance, see Alessio II, 924 A.2d at 753-55, and cruel and unusual punishment claims, see id. at 755-56, is not contrary to, and does not constitute an unreasonable application of, clearly established federal law. To the contrary, the Supreme Court in each instance applied the correct legal standard in an objectively reasonable manner. As such, Alessio cannot sustain the instant Petition, and this Court should deny and dismiss the same on its merits.

## IV. CONCLUSION

For the reasons identified above, this Court should dismiss Petitioner Russell S. Alessio's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.[11]

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: June 17, 2008

## CERTIFICATION

I hereby certify that on June 17, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on June 17, 2008, to the following:

Russell S. Alessio
P.O. Box 8274
Cranston, R.I. 02920

/s/ Christopher R. Bush

[11] In accordance with Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Courts, the Department of Attorney General states that it does not possess official transcripts relating to Alessio's 1997 trial or subsequent PCR Application. The official transcripts should be on file in state court and may be available upon request; the amount of time it would take to furnish the transcripts would depend on whether the file is located at the state court clerk's office or whether the clerk previously transferred the file to an off-site records center for long-term storage.