UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RUSSELL S. ALESSIO,
        Petitioner

v.                                  C.A. 08-188-ML

STATE OF RHODE ISLAND, et al
        Respondents

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

    Russell S. Alessio ("Alessio"), an inmate incarcerated at the Rhode Island Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus challenging his conviction of second degree child molestation. The Attorney General of the State of Rhode Island ("State"), designated a party-Respondent, has moved to dismiss the petition. For the reasons hereinafter stated, the State's motion to dismiss is granted, and Alessio's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied and dismissed.

BACKGROUND AND TRAVEL[1]

    Alessio was indicted on three counts of first degree child molestation (counts 1-3), one count of second-degree child molestation (count 4), one count of assault with a dangerous weapon (count 5), and one count of simple assault (count 6) in August 1997. Essentially, the indictment charged that Alessio sexually abused his girlfriend's daughter, then age 7, on four separate occasions and that on a separate occasion he assaulted the victim's cousin, aged 15, by grabbing her buttocks.

---

[1] Except as otherwise noted, the facts are generally taken from the opinions of the Rhode Island Supreme Court in State v. Allessio, 762 A.2d 1190, 1191 (R.I. 2000) ("Alessio I") and Alessio v. State, 924 A.2d 751, 752 (R.I. 2007) ("Alessio II"). Although the Rhode Island Supreme Court spelled the Petitioner's name "Allessio" in Alessio I, this Court uses the spelling contained in the instant Petition.

Alessio was, at all relevant times, represented by counsel. His trial counsel was Attorney Mark Smith, whom the Superior Court appointed to represent Alessio approximately two months before trial, following the withdrawal of the public defender who had represented him up until that point. (See Petition at 6.)

Alessio was tried in May 1998. At the close of the State's case, the trial judge granted Alessio's motion for acquittal on one of the first-degree child molestation charges (count 1) and the assault with a dangerous weapon charge (count 5). Subsequently, the jury convicted Alessio of second-degree child molestation (count 4) and simple assault (count 6), but acquitted him of the two remaining first-degree child molestation counts (counts 2 and 3).

The trial judge thereafter sentenced Alessio to twenty years imprisonment, fifteen years to serve and five years suspended with probation, on the second-degree molestation offense, and one year imprisonment, to be served concurrently, for the assault offense. Alessio appealed, and the Rhode Island Supreme Court (RISC) affirmed his conviction on December 11, 2000. See Allessio I, 762 A.2d at 1190.

On April 17, 2001, Alessio filed a motion to reduce sentence pursuant to Rule 35 of the R.I. Superior Court Rules of Criminal Procedure, which motion was denied on December 6, 2001. See Exhibit 2 at 13. On December 28, 2001, Alessio appealed the denial of this motion. Although the Superior Court transmitted the record to the RISC on January 22, 2002, id. at 13, it does not appear that the RISC docketed the case, nor does it appear that Alessio did anything to further prosecute that appeal.

On November 20, 2002. Alessio filed an application for post conviction relief ("PCR Application") in the Rhode Island Superior Court, asserting two grounds for relief. He first claimed

his counsel rendered ineffective assistance by (1) refusing Alessio's request to seek out and interview potential defense witnesses who could impeach the credibility of the molestation victim's mother at trial; and (2) failing to introduce medical evidence that he claimed would impeach the molestation victim's testimony. Second, Alessio claimed that the sentence that the Superior Court imposed was so harsh as to constitute cruel and unusual punishment in violation of both the federal and state constitutions. In support of this claim, Alessio contended that the court applied the wrong Sentencing Benchmark in fashioning a sentence and/or improperly exceeded the Benchmark that it did apply.

The Superior Court held a one-day evidentiary hearing on the PCR Application on July 15, 2005, at which both Alessio and his trial counsel testified. That court issued a written decision denying the application on August 17, 2005. On appeal the RISC rejected both claims and affirmed this decision on June 14, 2007. See Alessio II, 924 A.2d 753-56.

Petition for Writ of Habeas Corpus

Allesio filed the instant petition for habeas corpus in this Court on May 14, 2008.[2] In his petition Allesio asserts essentially the same grounds that he presented in his direct appeal to the RISC, namely (1) that his counsel rendered ineffective assistance by failing to seek out and interview potential defense witnesses who could impeach the credibility of the victim's mother at trial and failing to introduce medical evidence that could impeach the victim's testimony; and (2) that the sentence that the Superior Court imposed was so harsh as to constitute cruel and unusual punishment

---

[2] Although the Petition was actually filed with the Court On May 19, 2008, Alessio avers that it was deposited in the prison's mail system on May 14, 2008. (See Petition at 15.) A pro se prisoner's motion under 28 U.S.C. § 2254 is deemed filed on the date the petition is deposited in the prison's internal mail system. See Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir.1999).

in violation of both the federal and state constitutions. The State has moved to dismiss Allesio's petition – on the basis that the petition is untimely and the claims are in any event without merit. The matter is now ready for decision.[3]

## DISCUSSION

A.  <u>Timeliness of Petition</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254. The pertinent provision provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

28 U.S.C § 2244(d)(1).[4]

The AEDPA also provides a statutory mechanism that tolls the limitations period. That provision excludes from the limitations period, "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). <u>See also</u>

---

[3] Because the facts concerning the state court proceedings are not disputed, the Court determines that no hearing is necessary in this matter.

[4]  Section 2244(d)(1) provides in full that:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
Paragraphs (B)-(D) have no applicability to the instant petition and are not further discussed.

Neverson v. Bissonnette, 261 F.3d 120, 125 (1st Cir.2001). Since the instant Petition was filed on May 14, 2008, the Court's task is to determine the operative dates, as well as any tolling effect of Alessio's postconviction State Court Motions.

Here, the RISC decision denying Alessio's direct appeal was issued on December 11, 2000. Alessio did not petition for reargument, nor did he petition the United States Supreme Court for a writ of certiorari.[5] (See Exhibit 1 (RISC Docket Sheet for Case No. SU-98-0532); Petition at 3.) Thus, Alessio's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) 90 days after the RISC decision, on March 12, 2001, when the time for seeking review with the United States Supreme Court expired.[6] See Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (noting that conviction became final when the ninety-day period for seeking certiorari expired). As noted above, Alessio filed the instant petition on May 14, 2008. Thus, some seven years and two months [2,620 days] elapsed between the date on which Alessio's state court conviction became final and the date on which he filed his Petition.

The crucial question is to what extent the one-year statute of limitations was tolled between March 12, 2001, and May 14, 2008, particularly in view of § 2244(d)(2) provision that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The State does not dispute that the statute of limitations was tolled

---

[5] Because Alessio did not petition the RISC for reargument, the time to file a petition for a writ of certiorari runs from the date of entry of the RISC's decision. See Supreme Court Rule 13(1) (petition for certiorari timely when filed "within 90 days after entry of the judgment") and Rule 13(3)(time to file petition for certiorari "runs from the date of the entry of the judgment or order sought to be reviewed . . ."). This conclusion is reinforced by Rule 13's further provision that in the event a petition for rehearing *is* filed, the time to file a petition for certiorari "runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment." Supreme Court Rule 13(3).

[6] Because the 90th day fell on a Sunday, the final day of the period was Monday, March 12. See Supreme Court Rule 30.

between November 20, 2002, the date on which Alessio filed his PCR Application, and June 14, 2007, the date on which the RISC issued its decision denying Alessio's appeal of the denial of said application[7] -- a period of four years and almost seven months [1,668 days] of the seven-year-two-month period of time between the date Alessio's conviction became final and the date he filed the instant Petition.

The only other event that could possibly have tolled the one-year limitations period in this case was the Rule 35 motion to reduce sentence that Alessio filed in the Rhode Island Superior Court on April 17, 2001, which was denied on December 6, 2001. See Exhibit 2 at 13. Although Alessio appealed the denial of this motion on December 28, 2001, and the Superior Court transmitted the record to the RISC on January 22, 2002, id. at 13, it does not appear that the RISC docketed the case, nor that Alessio did anything to further prosecute that appeal. Thus, assuming arguendo that the motion to reduce sentence tolled the one-year limitations period,[8] tolling would only have occurred between April 17, 2001, the date on which Alessio filed the Rule 35 motion, and January 22, 2002, the last date on which any action was taken with respect to that motion. At best, only 281 additional days of the limitations period would have been tolled due to the pendency of Alessio's motion to

---

[7] As noted by the First Circuit, nothing in the language of AEDPA warrants excluding from the one-year limitations period "an additional period during which the petitioner could have, but did not, seek certiorari in the [U.S.] Supreme Court from the denial of collateral remedies." David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003).

[8] Although the First Circuit has not addressed this issue, this Court is aware that another Judge in this District has found that a motion pursuant to R.I. Super. R. Crim. P. 35 does not toll the one-year limitations period, because it constitutes a plea for leniency rather than a request for collateral relief. Kholi v. Wall, 2008 WL 60194 (D.R.I. Jan. 3, 2008)(Smith, J. adopting R&R of M.J. Almond). This Court is likewise cognizant that, for the same reason, a majority of the Circuits that have addressed this issue have found that a motion to reduce sentence similar to the Rule 35 motion at issue here does not toll the one-year limitations period. See e.g. Hartmann v. Carroll, 492 F.3d 478, 481-84 (3rd Cir.), cert. denied, 128 S.Ct. 883 (2007); Walkowiak v. Haines, 272 F.3d 234, 237-39 (4th Cir. 2001); Alexander v. Secretary, Dept. of Corrections, 523 F.3d 1291, 1297-99 (11th Cir. 2008). However, this Court need not resolve this issue in the instant case, since Alessio's motion is untimely even if his motion to reduce sentence were considered a collateral attack on his sentence. See discussion, infra.

reduce sentence.

In short, even construing the dates and tolling provisions favorably to Alessio, of the 2,620 days that elapsed between the date on which Alessio's state court judgment became final (March 12, 2001) and the date on which he filed the instant Petition (May 14, 2008), the one-year limitations period would only have been tolled for 1,949 days (1,668 days for PCR Application and 281 days for the motion to reduce sentence). Even with that time excluded, the remaining untolled time elapsed was nearly two years, well beyond the one-year limitations period for filing the instant Petition. In effect, Alessio's Petition was filed 672 days after his state conviction became final, or 307 days after the one-year statute of limitations in the AEDPA expired.[9] For this reason, the instant Petition must be dismissed as untimely.

B.  Merits of Petition.

Timeliness aside, the claims raised in Alessio's petition are in any event without merit, as the decisions by the RISC in affirming his conviction, Allessio I, and denying postconviction relief, Alessio II, were neither contrary to nor an unreasonable application of Federal law as determined by the Supreme Court.

1.  Principles

This Court's consideration of Alessio's claims is governed by § 2254(d), which states that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

---

[9] Even if the entire period between the date on which Alessio filed the motion to reduce sentence (April 17, 2001) and the date on which the RISC affirmed the denial of Alessio's PCR application (June 14, 2007) were deemed tolled, the limitations period would only have been tolled for 2,250 days, and the instant Petition would still be untimely, as deemed filed 370 untolled days after Alessio's state judgment became final – five days beyond the one-year limitations period under § 2244(d).

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

The terms "contrary to" and "unreasonable application" in § 2254 have independent meaning. See Bell v. Cone, 535 U.S. 685, 694 (2002). The "contrary to" clause applies only when a state court either employs a test or rule of law that is inconsistent with one announced by the United States Supreme Court or reaches the opposite conclusion on materially indistinguishable facts. See id.; Williams v. Taylor, 529 U.S. 362, 404-10 (2000); Rashad v. Walsh, 300 F.3d 27, 34-35 (1st Cir. 2002). An "unreasonable application" of federal law exists when a state court (1) uses the correct legal standard in an objectively unreasonable manner, (2) unreasonably extends Supreme Court precedent to an inappropriate context, or (3) fails to extend such Supreme Court precedent to an appropriate context. See Bell, 535 U.S. at 694; Rashad, 300 F.3d at 34-35. This standard "does not demand infallibility: a state court's decision may be objectively reasonable even if a federal habeas court, exercising its independent judgment, would have reached a different conclusion." Rashad, 300 F.3d at 34-35.

The claims asserted by Alessio in the instant Petition are substantially identical to those asserted before in his PCR application. In Ground 1 he alleges that his trial counsel was ineffective because he failed to interview and/or call certain individuals as witnesses at trial and failed to introduce medical evidence. (Petition at 6.) This is the same argument that he raised in his PCR application, the crux of which is that his attorney was ineffective because he failed to investigate or call as witnesses individuals who Alessio believed could impeach the victim's mother and by failing to introduce medical records of the victim establishing that the victim had not been sexually

penetrated. See Alessio II, 924 A.2d at 753-55.

In Ground 2 of the Petition, Alessio claims that the sentence the Superior Court imposed in this case constitutes "cruel and unusual punishment," presumably in violation of the Eighth Amendment. (Petition at 7). This is likewise substantively similar to the argument he raised in his PCR appeal, the crux of which was that his 15-year sentence was unconstitutional because the Superior Court applied the wrong Sentencing Benchmark in imposing sentence and, in any event, improperly exceeded the Benchmark that it did apply.

The RISC's decision rejecting Alessio's ineffective assistance, see Alessio II, 924 A.2d at 753-55, and cruel and unusual punishment claims, see id. at 755-56, was not contrary to, and did not constitute an unreasonable application of, clearly established federal law. Rather, in each instance that court applied the correct applicable legal standard in an objectively reasonable manner. As such, neither of Alessio's claims warrant relief.

In short, Allesio's claims concerning the ineffective assistance of counsel and the harshness of his sentence, even if timely, fail to state any colorable claim for federal habeas relief.

## CONCLUSION

In view of the foregoing considerations, the State's motion to dismiss Allesio's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby GRANTED and that petition is DENIED and DISMISSED.

So Ordered:

_/s/ Mary M. Lisi_
Mary M. Lisi
United States District Judge
January 28, 2009